## Case No. 10,365.

### NORWOOD v. SUTTON.

[1 Cranch, C. C. 327.] [s]

Circuit Court, District of Columbia. July Term, 1806.

CONTINUANCE—SUPPLEMENTAL AFFIDAVITS—PLEA IN ABATEMENT.

1. Supplemental affidavits will not be received upon a motion for the continuance of a cause.

2. To support a plea in abatement, for not naming all the joint promisors, it is not necessary for the defendant to prove that the plaintiff knew he was dealing with a copartnership.

Assumpsit for freight of goods. Plea in abatement, that the promise, if any, was made by the defendant jointly with one John Mandeville.

Mr. Jones, for defendant, moved for a continuance of the cause on affidavit.

THE COURT thought the affidavit not sufficient, and refused to receive a supplemental affidavit, on the ground that it is a practice leading to perjury. THE COURT referred to the case of Dawson v. Boyd [Case No. 3,667], at Washington, on a habeas corpus from Alexandria.

Mr. Jones prayed the court to instruct the jury, that it is not necessary for the defendant to prove that the plaintiff knew of the partnership. Rice v. Shute, 5 Burrows, 2611, and Abbott v. Smith, 2 W. Bl. 947; Wats. Partn. 240.

Mr. Youngs, contra. The plaintiff is not bound to know the partners, but if the plaintiff knew he was dealing with a company, then the defendant may plead partnership. The defendant must show that the plaintiff knew that the defendant was in partnership with somebody. Wats. Partn. 235.

THE COURT (nem. con.) instructed the jury, that upon this issue on a plea in abatement, it is not necessary for the defendant to prove that the plaintiff knew of a partnership between the defendant and any other person, nor that Mandeville was his partner at the time of the contract, that fact not being in issue.